**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RUSHANDA MIZE,

    Plaintiff,

v.                                   Case No. 08-CV-10660-DT

RALPH TEDFORD, and CITY OF FLINT, a
municipal corporation,

    Defendants.
                                      /

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT TEDFORD**

On February 13, 2008, Rushanda Mize brought this cause of action under 42 U.S.C. § 1983 against Defendant Ralph Tedford and the City of Flint ("Flint") alleging that both Tedford and Flint violated her constitutional rights. Her cause of action stems from her allegation that Defendant Tedford forcibly raped her while on duty the night of September 2, 2007. Before the court is Plaintiff's motion for default judgment as to Defendant Tedford, filed on April 3, 2009. No response to the motion was filed. The court conducted a hearing on the motion on May 13, 2009, at which Defendant Tedford did not appear, despite having received notice of the hearing. For the reasons stated below, the court will grant the motion.

**I. BACKGROUND[1]**

On September 2, 2007, in the early morning hours, Defendant Ralph Tedford, while employed as a Flint police officer and in full uniform and in a vehicle owned by the

---

[1] The court deems Defendant Tedford to have admitted all of Plaintiff's well-pleaded allegations in the complaint. *Ford Motor Co. v. Cross*, 441 F.Supp. 2d 837, 846 (E.D. Mich. 2006) (citation omitted).

Defendant City of Flint made a traffic stop on Plaintiff.  (Compl. ¶¶ 6-7.) Defendant Tedford ordered Plaintiff to get out of her vehicle and to enter the backseat of the fully marked Flint Police Department patrol car.  (*Id.* ¶ 8.)  Tedford talked with Plaintiff in the police vehicle for a number of minutes and then went to the vehicle that Plaintiff had been driving to tell the female passenger that he was going to take Plaintiff to the police department.  (*Id.* ¶¶ 9-10.)  Instead, Tedford took Plaintiff to a Flint police building which has been called the Resource Center and backed up to the side of the building.  (*Id.* ¶ 11.)  Tedford order Plaintiff into a computer room in the building, where he placed his gun next to him in such a manner as make Plaintiff feel more threatened.  (*Id.* at ¶¶ 12-13.)  Tedford then demanded to perform sexual acts on and with Plaintiff.  (*Id.* ¶ 14.) During this time, Plaintiff specifically told Tedford to stop.  (*Id.* ¶ 15.)  In the process of disrobing Plaintiff, Tedford used so much force that he broke Plaintiff's belt.  (*Id.* ¶ 16.) Throughout this ordeal, Plaintiff was very upset and frightened and felt threatened by Tedford.

## II.  STANDARD

If a defendant fails to plead or otherwise defend the claim, the clerk shall enter the party's default.  Fed. R. Civ. P. 55(a).  In order to obtain judgment by default, the proponent must first request the clerk's entry of default pursuant to Rule 55(a).  If obtained, the proponent may file for default judgment by the clerk or by the court.  Fed R. Civ. P. 55(b).  When the plaintiff's complaint alleges damages for a sum certain, "the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear."  Fed. R. Civ. P. 55(b)(1).  "In all other cases, the party

entitled to a judgment by default shall apply to the court therefor." Fed. R. Civ. P. 55(b)(2).

Because Defendant has not responded to, or defended against, Plaintiff's complaint, Defendant is deemed to have admitted all of Plaintiff's well-pleaded allegations. *Ford Motor Co. v. Cross*, 441 F.Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visoneering Constr. v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981)). Plaintiff is therefore entitled to default judgment as to Defendant's liability. *See id.*; *see also* Fed. R. Civ. P. 55. "Where damages are unliquidated a default admits only [the defaulting party's] liability and the amount of damages must be proved." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (quoting *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982)).

### III.  DISCUSSION

All of the prerequisites for default judgment under Federal Rule of Civil Procedure 55 have been met. Defendant Tedford has been validly served, and has failed to appear or otherwise defend this case. Plaintiff has obtained a clerk's entry of default. All that remains is for the court to determine the amount of damages. Toward that end, the court conducted a hearing on May 13, 2009, at which Defendant again failed to appear. Having considered all of the evidence presented, the court will award Plaintiff damages in the amount of $350,000.

In Plaintiff's motion, she requests an award in the amount of $3,500,000. The motion does not detail how she arrived at that number, nor could counsel articulate, at the hearing, why $3,500,000 was requested. While the court appreciates the difficulty of arriving at a number for the requested damages award, counsel must provide some

reasoned explanation for the requested amount. In the absence of such an explanation, the court must attempt to arrive at a number independently.

The court's independent research has revealed three cases with a factual scenario similar to that presented in this case. In *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 798 (8th Cir. 1998), the Eighth Circuit upheld a bench trial verdict and award of $100,000 in compensatory damages to a plaintiff who had been raped by a police officer after a routine traffic stop. The Eight Circuit noted that "[t]he plaintiff, her family, her friends, and her expert witness all testified to the harmful impact the incident had on her, and the nature of the act and its context all contribute to the conclusion that the award was not arbitrary or excessive. The award was also proportionate to the type of harm and the amount given in similar cases." *Id.*

In a similar case, the Fifth Circuit upheld a jury award of $50,000 in compensatory damages and $250,000 in punitive damages where the plaintiff had been raped by a uniformed police officer, and then subsequently assaulted by the same officer for reporting the rape. *Lewis v. Pugh*, 289 F. App'x 767, 776-77 (5th Cir. 2008). The Fifth Circuit explained the facts of the case as follows:

> During the trial, Lewis described the March 2005 rape and the August 2005 assault, and the physical injuries she suffered. She further testified that since the attacks, she has felt humiliated, been "scared to do anything," "scared of the police," and "scared to go out at night." Lewis's daughter, Kenzie Blow, testified that the rape was "devastating" for Lewis, and that, immediately after the rape Lewis was upset and scared. Blow testified that Lewis suffered physical injuries from the rape, including bruising. Further, Blow indicated that, at the time of trial, Lewis was still affected and was "very scared and very paranoid." Finally, Lewis presented evidence that she was taken to the hospital after the August assault and treated for physical injuries, including abrasions and multiple cuts and scrapes on her legs.

*Id.* at 776-77.

4

Finally, in *Jones v. Wellham,* 104 F.3d 620, 623 (4th Cir. 1997), the Fourth Circuit noted, without directly addressing, the jury's verdict of compensatory damages of $650,000 and punitive damages of $400,000.  In *Jones*, the defendant police officer executed a traffic stop, took the plaintiff to a church parking lot, and raped her.  In *Jones,* the defendant had been involved in a previous sex-related incident that was investigated, but did not result in his prosecution.

The court acknowledges that the facts set forth in the complaint in this case are not identical to those found in *Jones, Lewis*, or *Rogers*.  Nonetheless, because Plaintiff has failed to provide any reasoned explanation for her damages request, the court finds these cases helpful, as a starting point, in providing some context in which to view the damages allegations.

At the May 13, 2009 hearing, Plaintiff testified regarding the lasting effects the rape has had on her life.  The court accepts her testimony as credible and finds that the rape has had a negative impact on her relationship with her children, her ability to sleep, her trust of police officers, and her general psychological welfare.  Plaintiff has also submitted expert reports regarding Plaintiff's mental health, which the court has reviewed and finds to be further evidence of the lasting effect the rape has had on Plaintiff's life.  In addition to the emotional effect, Plaintiff has experienced weight gain and has increased her alcohol and tobacco use.  The experts conclude that Plaintiff suffers from anxiety as a result of the rape and has, understandably, lasting negative emotional effects from her assault.

Accepting the well-pleaded allegations in the complaint as true, the facts of this case are deplorable.  Rape in any context is reprehensible, but to be perpetrated by a

5

uniformed police officer, in a police building, adds an additional level depravity.  The court hardly needs expert testimony to find that Plaintiff will never be the same, after suffering a rape by an officer who should be enforcing the laws, not violating them.  The court will thus impose damages that reflect the heinousness of the allegations.  However, the court simply cannot justify awarding the requested $3,500,000 without a reasoned basis for such a markedly large amount.  Instead, after reviewing the cases set forth above, and considering the evidence presented in this case, the court will enter a default judgment in the amount of $350,000 against Defendant Tedford.

## IV.  CONCLUSION

IT IS ORDERED that Plaintiff's motion for default judgment as to Defendant Tedford [Dkt. # 28] is GRANTED and a default judgment will issue in the amount of $350,000.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  May 29, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 29, 2009, by electronic and/or ordinary mail.

 S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

5/29/09:S:\Cleland\JUDGE'S DESK\C3 ORDERS\08-10660.MIZE.Default.chd.wpd