UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUSHANDA MIZE,

    Plaintiff,

v.                                      Case No. 08-CV-10660-DT

RALPH TEDFORD, and CITY OF FLINT, a
municipal corporation,

    Defendants.
                                       /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND**

      Before the court is Plaintiff Rushanda Mize's "Motion to Amend Response to Summary Judgment to Supplement Record with Subsequently Obtained Depositions and Expert Report." Defendant City of Flint filed a response in opposition. Having reviewed the briefs, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion.

      On February 13, 2008, Plaintiff brought this cause of action under 42 U.S.C. § 1983 against Defendant Ralph Tedford and the City of Flint ("Flint") alleging that both Tedford and Flint violated her constitutional rights. On March 11, 2009, the City of Flint filed a motion for summary judgment which the court granted after oral argument, on May 29, 2009. On June 6, 2009, Plaintiff filed the instant motion, requesting that the court allow her to amend her response to Defendant's motion for summary judgment. Specifically, Plaintiff requests that she be allowed to include, as attachments to the response, Frank Murphy's expert report and two deposition transcripts. Plaintiff's motion will be denied for three reasons.

First, Plaintiff failed to attach to her motion a brief as required by E.D. Mich. L.R. 7.1(c)(1)A. She points to no authority for granting the proposed relief, but mentions in her motion Federal Rule of Civil Procedure 15. This Rule allows a party, under certain circumstances, to amend its pleadings. Fed. R. Civ. P. 15(a)(1)(A). However, Plaintiff does not seek to amend a *pleading,* but a *brief.* Briefs and pleadings are differentiated by Rule 7, which defines pleadings, exclusively, as complaints (including third party complaints); answers; answers to crossclaims, counterclaims, and third party complaints; and, if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a); *see also Yuhasz v. Brush Wellman, Inc.,* 341 F.3d 559, 569 (6th Cir. 2003) (finding that Rule 7 distinguishes between pleadings and motions in determining what qualifies as "responsive pleadings" under Rule 15). Thus, Rule 15 is not the accurate standard for amending briefs.

Second, even if Plaintiff had identified a proper standard, she has not shown good cause for her failure to submit the materials earlier. First, she claims that the two depositions were not available for submission earlier. The court does not accept this representation. The depositions of Defendant Ralph Tedford and Donald Williamson occurred on April 2, 2009. While these deposition transcripts may not have been prepared prior to the filing of Plaintiff's April 6, 2009 response brief, they were certainly available before the May 13, 2009 motion hearing. Indeed, the deposition transcript of Defendant Tedford is stamped received by Plaintiff's counsel's office a month earlier, on April 14, 2009. Plaintiff has simply failed to explain why these transcripts were not available for submission before the hearing. Further, even if they had not been completed by that date, the problem still resides with Plaintiff's counsel, inasmuch as

these depositions occurred outside of the court-supervised discovery period which was required to have been completed by February 27, 2009 (this included experts). The depositions at issue here were set much later.

With respect to the expert report, Plaintiff asserts that the report was "inadvertently not attached to Plaintiff's Response to the Motion for Summary Judgment." (Pl.'s Mot. at 2.) Again, the court finds counsel's representation of inadvertency inaccurate. This is not a situation in which a party cites to an existing expert report as, for example, being "attached as Plaintiff's Exhibit A," but mistakenly –i.e., inadvertently– forgets to provide a copy of the report behind the "Exhibit A" tab. Here, Plaintiff continuously cited to the expert report, as attached to *Defendant's* brief. Defendant, however, had attached only certain relevant excerpts to its brief, and the court therefore did not have those portions to which Plaintiff cited. Plaintiff's counsel apparently assumed, without looking, that Plaintiff had attached all of the report. In any event, however it was that Plaintiff's mistake manifested itself, the court does not find her oversight to be grounds to amend a document on a closed case.

From this court's experience and research, in motions seeking to supplement the record, reliance is not often founded upon Federal Rule of Civil Procedure 15, as seems to be the case here. More commonly, but still unavailingly in circumstances such as those present here, the moving party relies on Federal Rule of Appellate Procedure 10(e), the purpose of which "is to permit correction or modification of the record transmitted to the Court of Appeals so that it adequately reflects what was considered by [the district] court." Federal Rule of Appellate Procedure 10 provides as follows:

> If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>
> > (A) on stipulation of the parties;
> > (B) by the district court before or after the record has been forwarded; or
> > (C) by the court of appeals.

Fed. R. App. P. 10(e)(2).

Cases interpreting application of Rule 10(e) have held that its purpose is "to allow the district court to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals." *S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co.,* 678 F.2d 636, 641 (6th Cir. 1982). The rule allows "modification of the record transmitted to the court of appeals so that it accurately reflects what happened in the district court," but does not permit adding material that was never before the district court in the first place. *Id.* at 641 n. 9 (citing *United States ex rel. Mulvaney v. Rush,* 487 F.2d 684, 687 n. 5 (3d Cir. 1973)); *accord United States v. Barrow,* 118 F.3d 482, 487-88 (6th Cir. 1997) ("We have not allowed the rule to be used to add new evidence that substantially alters the record after notice of appeal has been filed; rather we have allowed enough modification to ensure the accuracy of the record."); *see also United States v. Kennedy*, 225 F.3d 1187, 1190 (10th Cir. 2000) ("Federal Rule of Appellate Procedure 10(e) authorizes the modification of the record only to the extent it is necessary to 'truly disclose[ ] what occurred in the district court.'").

These cases comport with the firmly established rule that "[t]he only proper function of the court of appeals is to review the decision below on the basis of the record that was before the district court." *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1165 (3d Cir.1986). There are no omissions from or misstatements of the record

here, and Rule 10(e) does not authorize supplementing the record.

Alternatively, a minority of courts have discussed the existence of an "inherent equitable power to supplement the record on appeal to include information not presented to the district court," but only in unique cases that, in the interest of justice, require special consideration. See Chrysler Int'l Corp. v. Cherokee Exp. Co., No. 97-1003, 1998 WL 45488 (6th Cir. Jan. 27, 1998) (quoting In re Capital Cities/ABC, Inc.'s Application for Access, 913 F.2d 89, 97 (3d Cir.1990)). To the court's knowledge, however, the Sixth Circuit has never adopted such a view. Moreover, Plaintiff has neither relied upon this line of authority nor demonstrated why this situation warrants special consideration.

Finally, and perhaps most fundamentally, Plaintiff has not explained why any amendment is required. Plaintiff seeks to amend a response to a motion which has already been ruled upon in a case which has already been closed.

In its summary judgment discussion, the court would have been justified in criticizing counsel for omitting the transcripts and reports, and most likely would have been justified if it were to have rejected all assertions proffered that were not specifically supported by a document or transcript. But the court, in fact, took care to avoid rejection or exclusion of such "evidence." Even though the court noted that the documents had not been submitted to the court, the court accepted *arguendo* the various unsupported "facts" offered through the assertions of counsel as though they were supported by actual evidence. Although Plaintiff did not attach the expert report or the depositions, the court accepted the accuracy of the quotations to the report and the general summaries of the depositions for purpose of resolving the summary judgment motion.

5

(*See, e.g.*, 5/59/09 Order at 29, "*Even taking all of these largely unsupported assertions as true*, the most that Plaintiff can prove through her experts . . .", emphasis added.) Thus, Plaintiff suffered no prejudice by not including the report and the depositions in her response brief.

Because Plaintiff has identified no authority for granting her requested relief and has shown neither good cause to explain nor any resulting prejudice flowing from her failure to submit the materials earlier,

IT IS ORDERED that Plaintiff's motion to amend [Dkt. # 41] is DENIED.

          S/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated:  June 24, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 24, 2009, by electronic and/or ordinary mail.

          S/Lisa Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522